UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| CARGILL, INCORPORATED | CIVIL ACTION |
|---|---|
| VERSUS | |
| BRETT ANTHONY CLARK, ET AL. | NO.: 14-00233-BAJ-SCR |

### RULING AND ORDER

Before the Court is the **Motion for Attorney Fees and Costs (Doc. 33)** filed by Plaintiff Cargill, Incorporated ("Cargill"). Defendants Brett Anthony Clark, Clark Farm #1, LLC ("Clark Farm"), and Squaw Bayou Farms, LLC ("Squaw Bayou") have filed an opposition. (Doc. 35). Oral argument is unnecessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. For reasons explained herein, Plaintiff's motion is **GRANTED IN PART**.

I. **BACKGROUND**

On August 7, 2015, the Court granted Plaintiff Cargill's Motion for Summary Judgment and advised Cargill to file a separate motion for attorney's fees and costs. (Doc. 32). The history of this litigation was documented in this Court's ruling granting summary judgment and will not be repeated here except to the extent necessary to address the present motion. Between March 2006 and September 2007, Cargill and Clark Farm entered into four separate contracts for the sale and delivery of bushels of wheat. Pursuant to the arbitration agreements in the

1

contracts, Cargill obtained two separate default judgments against Clark Farm and Brett Anthony Clark, rendered by the National Grain and Feed Association ("NGFA"). The default judgment in Arbitration Case No. 2362, concerning two of the contracts, was confirmed by this Court in favor of Cargill and against Clark Farm only. The default judgment in Arbitration Case No. 2406, concerning the other two contracts, was confirmed by the 27th Judicial District Court of Louisiana, St. Landry Parish in favor of Cargill and against both Clark Farm and Brett Anthony Clark. In this Court's ruling granting summary judgment, this Court pierced the corporate veil to find that Clark should be held personally liable for the actions of Clark Farm and, further, that Squaw Bayou is liable for the arbitration awards lawfully rendered against Clark Farm by virtue of being a single business enterprise.

In the instant motion, Plaintiff Cargill has submitted its records, seeking an order fixing attorney's fees in the amount of $36,744.00 and costs in the amount of $4,761.44 to be paid within thirty days. (Doc. 33). Plaintiff asserts that it is entitled to recover this amount because the Purchase Terms of two of the contracts at issue (Purchase Contracts Nos. 26722, 26766) provided for the recovery of such fees in connection with disagreements or disputes between the parties arising out of *any* grain contract between the buyer and seller.[1]

---

[1] Those two Purchase Contracts contain a provision specifying that those contracts "and *all other grain contracts* by and between Buyer and Seller" shall be subject to NGFA Trade Rules. (Doc. 1-1 at pp. 2, 5) (emphasis added). In that same clause, the agreement also provides that"[i]n addition to any damages otherwise provided by law, Buyer shall be entitled to recovery of its attorney's fees and costs." (*See id.*). Accordingly, although Purchase Contracts Nos. 27399 and 29492 do not contain a clause regarding the recovery of attorney's fees and costs, (*see* Doc. 1-1 at pp. 12, 14), the Court finds

2

## II. DISCUSSION

Under Louisiana law, attorney's fees are only permissible "where authorized by statute or contract." *State, Dep't of Transp. & Dev. v. Williamson*, 597 So. 2d 439, 441 (La. 1992). Here, because the Purchase Terms of Purchase Contracts Nos. 26722 and 26766 authorize attorney's fees and costs for *all* grain contracts by and between Buyer Cargill and Seller Clark Farm, the recovery of attorney's fees and costs is permissible.

When considering attorney's fees, the Court must assess whether the fees are reasonable. Courts applying Louisiana law assess reasonability from the full consideration of the following factors derived from Rule 1.5(a) of the Louisiana Rules of Professional Conduct:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

*Id.* at 442 & n.9. The U.S. Court of Appeals for the Fifth Circuit utilizes the "lodestar" method for the calculation of attorney's fees:

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

---

that any attorney's fees and costs accrued in connection with a dispute of those grain contracts fall within the scope of the relevant paragraph in Purchase Contracts Nos. 26722 and 26766.

3

*Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (internal citations omitted). The *Johnson* factors, in turn, are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

*Id.* at 1043 n.5.

Throughout this litigation, Plaintiff Cargill has been represented by the law firm Nalley & Dew, APLC. The Court has reviewed the hourly rates and the time expended by each member of the firm and finds the requested fee to be reasonable in light of the circumstances surrounding this litigation. It does, however, find a slight discrepancy between the time/rate summary provided in Plaintiff's memorandum, (*see* Doc. 33-1 at p. 8), and the invoices attached, (*see* Doc. 33-2). The Court has scoured the invoices from Nalley & Dew, APLC which reflect the fees and costs incurred in connection with the instant matter. It only finds support for the billing of 38.0 hours by firm member Bridget Nalley,[2] as opposed to the 39.0 hours presented in Plaintiff's memorandum summary. The Court finds that all other firm members' hours and costs are properly accounted for in Plaintiff's documentation.

---

[2] According to the invoices, Bridget Nalley billed for 2.50 hours in Invoice Statement No. 34 and 35.50 hours in Invoice Statement No. 42, for a total of 38.00 hours. (*See* Doc. 33-2 at pp. 15, 30). This total number of hours for Ms. Nalley is inconsistent with the summary table provided by Plaintiff in Page 8 of Doc. 33-1.

Accordingly, the Court finds that the proper total for attorney's fees in this matter is $36,594.[3]

The Court does not find the arguments raised by defense counsel to be persuasive or meritorious,[4] but the Court does not find a lodestar enhancement appropriate for this particular matter.

---

[3] Using the billing rates provided by Plaintiff for Nalley & Dew firm members, which the Court finds to be reasonable, the proper calculation of attorney's fees is as follows:

| Firm Member | Time and Rate | Total |
| --- | --- | --- |
| George Nalley | 12.3 hours at $235/hour | $2,890.50 |
| Rachel Smith | 137.5 hours at $200/hour | $27,500.00 |
| Bridget Nalley | **38.0 hours** at $150/hour | $5,700.00 |
| Christine Abadie | 1.2 hours at $95/hour | $114.00 |
| Jessica Adams | 4.1 hours at $95/hour | $389.50 |
|  | **GRAND TOTAL** | **$36,594.00** |

[4] Defendants note that attorney's fees and costs were awarded by this Court in the amount of $22,179.13 in Civil Action No. 08-00456-JJB-RLB, a judgment which underlies part of the instant matter. The Court, however, does not find that Plaintiff has double-counted any attorney's fees or costs incurred in pursuing the instant litigation. Further, the Court is not convinced by Defendants' argument that "all of Cargill's claims could have been combined in one lawsuit and finished quickly," nor does it find any relevance in Defendants' representations of settlement attempts. (*See* Doc. 35 at pp. 3–4).

III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Attorney Fees and Costs (Doc. 33)** filed by Plaintiff Cargill, Incorporated is **GRANTED IN PART**, to the extent that the Court is able to find support for the number of hours worked by Plaintiff's counsel and other firm members in the documentation provided by Plaintiff. Plaintiff is entitled to an award of attorney's fees in the amount of $36,594.00 and costs in the amount of $4,761.44.

Baton Rouge, Louisiana, this 3rd day of September, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA